95 So.2d 923

## OPINION OF THE JUSTICES.

### No. 158.

Supreme Court of Alabama.

June 12, 1957.

The House of Representatives
State Capitol
Montgomery, Alabama

Gentlemen:

We are in receipt of your Resolution requesting an Advisory Opinion relative to H.B. 204, Section 8 of which is as follows:

"In any county in which a special county tax is levied and collected pursuant to the provisions of any amendment to the Constitution heretofore adopted, for the purpose of acquiring, constructing, equipping, operating, and maintaining public hospitals, public clinics, public health centers, and related public health facilities of any kind, or for any one or more of the purposes included within the meaning of the term 'public hospital purposes,' the governing body of the county is hereby authorized to appropriate so much of

the proceeds of such tax as may be necessary for the purpose of carrying out the provisions of this Act. Provided, however, that if any portion of the proceeds of such tax has been heretofore pledged to the payment of any bonds, warrants, notes, or other obligations or evidences of indebtedness, such portion of the proceeds of the tax as shall have been so pledged shall not be used for any purpose except in payment of such bonds, warrants, notes, or other obligations or evidences of indebtedness. The governing body of the county is also authorized to appropriate, out of any funds in the county treasury not otherwise appropriated, such amounts as may be necessary in carrying out the provisions of this Act."

Your question is:

"Is it within the power of the Legislature to authorize the use of any portion of the proceeds of the special county taxes referred to in said Section of H.B. 204 for the purpose of providing hospital care and treatment for indigent residents of the county, or for the purpose of matching any state or federal funds made available for use in providing hospital care and treatment for indigent residents of the county, as set out in said H.B. 204, or would such provision contravene Amendment LIII, Amendment LIX, Amendment LXXII, Amendment LXXVI, Amendment LII, Amendment LXIII, Amendment LXV, Amendment LXIX, Amendment LXX, or Amendment LXXV of the Constitution?"

■ The stated general purpose of H.B. 204 is to provide a hospital service program for certain indigent residents of the State of Alabama. The question is directed to Section 8 of the proposed Act, and the main purpose of that section is to permit the use of the proceeds of certain hospital taxes, authorized under the Amendments listed in the question, for the payment of hospital bills of these indigent persons. We list the Amendments in the order presented by the question and state our reply to each of them.

*Amendment LIII.*

The pertinent part of this Amendment permits the Legislature to authorize counties to appropriate their funds to "acquire, build, establish, own, operate and maintain hospitals, health centers, sanatoria and other health facilities."

This provision does not empower the Legislature to authorize the use of the proceeds of the constitutional special county hospital taxes designated in the question to pay the hospital bills of indigent persons as provided for in H.B. 204, and our answer to the first phase of the question must be in the negative.

*Amendment LIX.*

This Amendment authorizes all the counties except Mobile and Montgomery to levy and collect a hospital tax. The pertinent part reads: "The proceeds of the tax hereby authorized must be used exclusively for the purpose of acquiring by purchase, lease, or otherwise, or the construction, equipment, maintenance and operation of said county hospital * * *."

This limitation prevents the use of the proceeds of a county hospital tax, levied and collected pursuant to this Amendment, to pay the hospital bills of indigent persons in the applicable counties under the provisions of H. B. 204, and our answer to the first phase of the question must be in the negative, and our answer as to the contravention phase of the question must be in the affirmative.

*Amendment LXXII.*

This Amendment authorizes the levy and collection of a hospital tax in all the counties of the State except Jefferson, Mobile and Montgomery "to be used solely for acquiring, by purchase, lease, or otherwise, constructing, operating, equipping, or maintaining county hospitals, or other public hospitals, non-profit hospitals and public health facilities."

Our reply is the same as to Amendment LIX.

### Amendment LXXVI.

This Amendment provides for a special county tax for public hospital purposes. The first paragraph of the Amendment reads:

"This amendment shall apply in all counties except Mobile and Jefferson counties. The term 'public hospital purposes' as used in this amendment shall be construed to include the acquisition by purchase, lease, or otherwise, and the construction, equipment, operation, and maintenance of public hospital facilities. The term 'public hospital facilities' as used in this amendment shall be construed to include public hospitals, public clinics, public health centers, nurses' homes and training facilities, and related public health facilities of any kind."

Our reply is the same as to Amendment LIX.

### Amendment LII.

The pertinent part of this Amendment is concerned with a tax for hospital purposes in Morgan County. The Amendment provides that the proceeds of the tax "shall be used exclusively for the construction, equipping, enlargement, acquisition, repair, or operation of public hospital properties" owned or acquired in the county by the city of Decatur and Morgan County.

Our reply is the same as to Amendment LIX.

### Amendment LXIII.

This Amendment authorizes a special tax for hospital and public health purposes in Montgomery County and provides for the levy and collection of a tax "to be used solely for acquiring, constructing, operating, equipping or maintaining county hospitals or other public hospitals, non-profit hospitals and public health facilities."

Our reply is the same as to Amendment LIX.

### Amendment LXV.

This Amendment authorizes a special tax for hospital and public health purposes in DeKalb County and provides for the tax "to be used solely for acquiring, by purchase, lease, or otherwise, constructing, operating, equipping, or maintaining county hospitals, or other public hospitals, non-profit hospitals and public health facilities, or to pay any existing debt or liability incurred by the county for such purposes."

Our reply is the same as to Amendment LIX.

### Amendment LXIX.

This Amendment provides a special tax for hospital purposes in Marion County and for the proceeds of such tax "to be used solely for the purpose of acquiring, constructing, enlarging, repairing, improving, equipping, furnishing, operating, or maintaining a county hospital or public hospital facilities in the county for which Federal funds have been or may be provided."

Our reply is the same as to Amendment LIX.

### Amendment LXX.

This Amendment provides for a special tax for hospital and public health purposes in Escambia County, the proceeds of which are "to be used solely for acquiring, by purchase, lease, or otherwise, constructing, operating, equipping, or maintaining county hospitals, or other public hospitals, non-profit hospitals and public health facilities."

Our reply is the same as to Amendment LIX.

### Amendment LXXV.

This Amendment authorizes Marion County to issue bonds, warrants, or other evidences of indebtedness, based on the proceeds of any special county tax levied and collected "for the sole and exclusive purpose of constructing, equipping, operating, maintaining or improving public hospitals or related hospital or health facilities, including clinics, nursing homes, public health centers

and laboratory facilities, or for such other public purposes of any kind and description as in the judgment of the governing body of the county of Marion is meet and proper."

We think the last clause of the quoted section is sufficiently broad to authorize the expenditure of the proceeds of the tax for the purpose of providing hospital care and treatment for indigent residents of the county if the governing body of the county should see fit to direct, by proper resolution, because hospital care of indigents is a "public purpose." Our reply to this phase of the question is, therefore, in the affirmative, and our answer as to the contravention phase of the question is in the negative.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice

THOMAS S. LAWSON

ROBERT T. SIMPSON

DAVIS F. STAKELY

JOHN L. GOODWYN

PELHAM J. MERRILL

JAMES S. COLEMAN, Jr.
Justices.